UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS PETER WENTLAND,

        Petitioner,

v.                                         Case No. 2:21-cv-938-JES-NPM

JOHN DOE and
JANE DOE

        Defendants.

## ORDER OF DISMISSAL

Plaintiff Thomas Peter Wentland initiated this action on January 3, 2022 by filing a pleading entitled "Petition for Declaratory Relief Enforcement of Trusts" and "Bill in Equity." (Doc. 1). He attached twelve exhibits, totaling 134 pages, to the petition. Plaintiff purports to file suit against 99 "John and Jane Does 1-99 who may have an equitable interest in the Name and Estate of THOMAS PETER WENTLAND." (Id. at 2).[1] On the same day, Plaintiff filed a motion to seal this case. (Doc. 2).

---

[1] At no point does Plaintiff specifically identify the Doe defendants. However, the defendants appear to be various government entities that have referred to Plaintiff in all capital letters. Plaintiff asserts that, by their silence, they agree that he is the "Heir and Sole Beneficiary, Government the Trustees, of express grantor 1789 Trust as the Constitution for the United States of America." (Doc. 1 at 8). He also names Winnebago County Illinois, the State of Illinois, the Chancellor in Chambers, and the Social Security Trust Fund as possible "respondents." (Id. at 8-9).

The Court construes Plaintiff's pleadings liberally and *sua sponte* concludes that they do not contain any claims upon which relief can be granted. Accordingly, Plaintiff's action is dismissed for failure to state a claim upon which relief may be granted and as frivolous. Fed. R. Civ. P. 8, 10, and 12(b)(6).

## I. Pleadings

Plaintiff's pleadings make little sense. He argues that nine days after his birth, the State of Illinois created "the quasi-corporate/artificial person 'THOMAS PETER WENTLAND'" and as a result "this Sole Corporation was granted in to the Private Constructive Cestui Que Trust (PCT) thus Petitioner became the quasi – Surety/volunteer quasi – trustee for the cestui que trust (presumed decedent legal estate trust." (Doc. 1 at 3). However, this artificial person was thereafter seized under the "Trading With the Enemy Act" to be held in trust by the President of the United States. (Id. at 4).[2] Plaintiff thereafter abandoned all interest "in the state-created, federally protected artificial person ens legis 'THOMAS PETER WENTLAND.'" (Id. at 6.)

Plaintiff asks the Court for injunctive and equitable relief, including a notice that any entity with "an equal or higher equitable claim concerning the Name and Estate of 'THOMAS PETER

---

[2] Plaintiff's filings are difficult to decipher and contain completely irrational and incredible allegations. Because Plaintiff's pleadings are incomprehensible, it is impossible to determine whether venue is proper in this Court.

WENTLAND'" show cause why relief should not be granted, and a declaration that Plaintiff is the sole owner of the name "THOMAS PETER WENTLAND." (Doc. 1 at 14-15).

## II.  Standard of Review

A complaint is "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court may dismiss a complaint pursuant to Rule 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it

3

rests." Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). A "shotgun pleading" where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with that standard. See Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996).

Rule 10 of the Federal Rules further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Rules 8 and 10 work together and "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). If the Court concludes that a plaintiff's complaint does not meet the requirements of Rule 8(a) or 10(b), it may dismiss the complaint sua sponte for failure to state a claim. Driessen ex rel. B.O. v. Florida Dept. Of Children and Families, No. 09-13149, 2009 WL 3471302 *1 (11th Cir. 2009) (affirming district court's sua sponte dismissal under Rule 8(a)

4

for failure to state a claim).

Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, pro se litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Even liberally construed, Plaintiff's "Bill in Equity" filings are confusing, incoherent, and unintelligible. The pleadings do not comply with Rule 9 of the Federal Rules of Civil Procedure. They do not state "simple, concise, and direct" allegations against any defendant. Plaintiff's filings also fail to state a claim against any defendant that is remotely plausible on its face. Fed. R. Civ. P. 12(b)(6); Iqbal, 556 U.S. at 678.

For example, Plaintiff's complaint makes repeated references

5

to the "Trading With the Enemy Act." The Trading with the Enemy Act, 50 U.S.C. § 4303, was enacted to allow allies and non-enemies to recover property vested with the United States government during World War I and World War II. See Schilling v. Rogers, 363 U.S. 666, 667 (1960). Plaintiff does not allege facts showing that he has any right to relief pursuant to the Trading with the Enemy Act. See Bechard v. Rios, No. 14-cv-867-wmc, 2014 WL 7366226, *1 (W.D. Wis. Dec. 24, 2014) (dismissing a complaint with prejudice where the pro se plaintiff failed to state a plausible claim pursuant to the Trading with the Enemy Act).

Plaintiff also cites to the "Emergency Banking Relief Act." (Doc. 1 at 4). The National Emergency Banking Relief Act, codified at 12 U.S.C. § 95, was passed by Congress in 1933 and deals with the solvency of banks and the operation of the Federal Reserve System during emergencies. Plaintiff offers no allegations that could provide him with relief pursuant to the Emergency Banking Relief Act. Cearley v. United States, 119 Fed. Cl. 340, 344 (Fed. Cl. Dec. 8, 2014) (dismissing a pro se complaint for failing to state a claim pursuant to the Emergency Banking Relief Act); Hardgrove v. Georgia, No. 5:11-cv-349 (CAR), 2011 WL 4526755, *2 (M.D. Ga. Sept. 28, 2011) (dismissing as frivolous a pro se complaint based on the Emergency Banking Relief Act).

It also appears that Plaintiff may be attempting to raise a claim that he is a sovereign citizen, not subject to the laws of

the United States of America. (Doc. 1 at 6, 11-13). However, the courts that have considered sovereign citizen claims have found them to be frivolous. See United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject "sovereign citizen" claims as frivolous).

Finally, the issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing the letters in Plaintiff's name, and it did not turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of 1933 or the Trading with the Enemies Act. Moreover, Plaintiff cannot bind the defendants to his fictitious notions by arguing that "Respondents, by their silence, agree to these facts." (Doc. 1 at 8-9). The courts have repeatedly rejected such "redemptionist" arguments as utterly frivolous. See Muhammad v. Smith, No. 3:13-cv-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases).

## IV. Conclusion

The Court finds that Plaintiff's pleadings do not provide the defendants with fair notice of the wrongs they have allegedly committed, and they are dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure. The Court additionally finds that

Plaintiff's action is frivolous and does not state a claim upon which relief may be granted. Amendment is not permitted as it is apparent from Plaintiff's pleadings that granting leave to amend would be futile. Mitchell v. Thompson, 564 F. App'x 452, 456 (11th Cir. 2014) (affirming denial of pro se plaintiff's motion for leave to amend based on futility of amendment); Trevino v. Florida, 687 F. App'x 861, 862 (11th Cir. 2017) (affirming district court's sua sponte dismissal of sovereign citizen's complaint as frivolous, without leave to amend).

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's "Petition for Declaratory Relief and Enforcements of Trusts" and "Bill in Equity" (Doc. 1) is **DISMISSED** without prejudice as frivolous and for failure to state a claim on which relief may be granted under Rules 8 and 10 of the Federal Rules of Civil Procedure.

2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___18th___ day of January 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff

8